2 WS 145
e216      334

## Case of Todd's Will.

An instrument, limited by a condition as to its operation, can not be admitted to probate as a will after failure of the contingency, on the happening of which it was to have taken effect.

One, in contemplation of a journey, thus begins an informal testamentary paper: "My wish, desire, and intention now is, that if I should not return, (which I will, no preventing Providence,) what I own shall be divided as follows."—*Held*, that upon his return and subsequent death, the instrument ought not to be admitted to probate.

APPEAL from the Register's Court of *Westmoreland* county, which sustained the *caveat*, and rejected the paper offered as the last will and testament of George Todd deceased, which was as follows:

"*Stewartsville*, 25*th of May* 1840.

"To Benjamin Byerly, Esq.

"My wish, desire, and intention, now is, that if I should not return, (which I will, no preventing Providence,) what I own shall be divided as follows: $100 to my father, together with my bookcase and one silver watch with the initials of my name on it, if I own it; if not, the best that I own, if I have any. My mother gets my horse, saddle, bridle, sleigh, and all my wearing apparel, to dispose of as· she thinks proper; or, if she wishes it, the horse and forty-five dollars in gold, if I should have it. Each of my brothers and sisters, fifty dollars. My books and documents to be divided as impartially as you can among to each one mentioned in this paper to whom any other thing is left. The remainder I leave to Sophia, my wife, &c. &c."

Then follow some further provisions in anticipation of the birth of a child after his death.

The testator returned to Stewartsville in bad health, but able to attend to business, and died about a month after. The question was, whether the paper could be admitted to probate.

The Register's Court (White, President) determined that the instrument ought not to be admitted to probate.

*Coulter*, for plaintiff in error, contended, that in Pennsylvania

II. — 19     N

[Case of Todd's Will.]

a will cannot depend upon any other contingency than the death of the testator. It must be good and valid before his death, or void; if good, it can only be avoided by a revocation. If the instrument may be a will, or no will, dependent upon a condition, such condition may be put in the shape of a contingency, which will depend upon the uncertain testimony of witnesses. It is to avoid this that parol revocations and alterations are provided against. No case can be found which recognises a conditional will, except that in 1 *Vez.* 191, where the Lord Chancellor says, there is no authority for such a doctrine, and in that case he confines it to a condition annexed to a legacy or devise. There is no necessity for establishing the principle contended for on the other side, for the testator has it in his power at all times to alter any will he has made. He cited *Swinburne on Wills* 532; 2 *Eq. Cas. Ab.* 761; 2 *Lord Raym.* 1282; 6 *Vez. Jr.* 608.

*H. D. Foster,* for defendant in error, argued that the peculiar phraseology of the will exhibited clearly the intention of the testator that the instrument should be his will or not his will, depending upon the contingency of his return. This was a condition which violates no legal principle, and therefore one which the testator had a right to make. Lord Hardwicke, in the case in 1 *Vez.* 191, 243, says, the principle is so clear, that it requires no authority to support it.

The opinion of the Court was delivered by

GIBSON, C. J.—No text-writer seems to have distinguished between a condition attached to a particular testamentary disposition, and a condition attached to the operation of the instrument. But in *Parsons* v. *Lanoe,* (1 *Vez. Sr.* 191), Lord Hardwicke said without hesitation that he would not require an authority for such a distinction, and that a paper subject to a condition ought not to be admitted to probate after failure of the contingency on the happening of which it was to have taken effect. Why should it be proved as a will, when it could not have the effect of one? In that case the words " I make my will *in manner* following: If I die before my return from my journey to Ireland," &c., were held to make the whole contingent, chiefly, it would seem, because the words " in manner" were deemed equivalent to the words, "on condition." And in *Sinclair* v. *Hone,* (6 *Vez.* 608), where the words were, " In case I die before I rejoin my beloved wife," it was thought the whole codicil was intended to depend on that event, because the whole property was devised to the wife, except a portion of it dependent on her interest. But an intention to make the operation of the paper eventual, is not near so apparent in either of those cases, as it is in the one under consideration. The testator, in contemplation of a journey to the state of Indiana, for the amendment of his health, then in an advanced state of decline,

[Case of Todd's Will.]

begins an informal testamentary paper addressed to his friend and intended executor in these very distinctive words : " My wish, desire, and intention, *now* is, that *if* I should not return, (which I will, no preventing providence,) what I own shall be divided as follows." He then proceeds to give his property in reference to the state of his family as it then existed ; but it is evident, not only from the expressions quoted, but from his declared and anxious uncertainty in regard to the suspected pregnancy of his wife, that the arrangement of his affairs was intended to be provisional, and not to serve in the event of his death at home, having had an opportunity to make a more considerate one when the question of his wife's pregnancy should be settled. His intention, therefore, is as clear as his power to carry it into effect.

Sentence of the court below affirmed.