Judgment reversed and new <em>venire</em> awarded.

## APPEAL OF JOSEPH M. MORROW.

APPEAL FROM THE ORPHANS' COURT OF PERRY COUNTY.

Argued May 10, 1887—Decided May 23, 1887.

1. A testamentary paper, which by its terms is to be effective on the happening of a certain contingency, cannot be admitted to probate as a will unless the contingency has occurred.

2. One, about to go from home, wrote and signed a testamentary paper beginning: "I am going to town with my drill and i aint feeling good and in case if i shouldend get back do as i say on this paper." . . . . . He went to town and while away became ill, but was brought home, where he soon died in the same illness:

*Held*, that the said paper could not be admitted to probate as a will.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 129 January Term 1887, Sup. Ct.

The case originated by the petition of Joseph M. Morrow, son and devisee under the alleged will of Thomas W. Morrow, deceased, to the register of wills of Perry county, and, upon

appeal, to the Orphans' Court, of said county, to vacate letters of administration upon the estate of the deceased, granted to Thomas Morrow and Robert Morrow, and to admit to probate said alleged will as the will of the deceased.

Thomas W. Morrow was a farmer residing at the time of his death, September 21, 1885, in Carrol township, Perry county, and was about seventy years of age. On Monday, September 14, 1885, he was engaged in drilling wheat on his farm when his drill broke and he determined he would go to Landisburg to have it repaired. Before starting he went to his room, remained there awhile, and when he came out remarked that he was "not feeling well, hardly fit to go," but would go any way. On the road to Landisburg he became sick, and when he reached the town he went to his son Joseph's house, went to bed, and on the following Thursday was taken to his own home in a buggy, put to bed, where he remained, growing worse, until he died the following Monday.

On October 12, 1885, letters of administration were granted to Thomas and Robert Morrow and, some weeks after, the paper offered for probate as his will was found behind the clock, upon the shelf of which the decedent kept his writing materials. It also appeared in the testimony that for several months before his death, Mr. Morrow had determined upon the exact disposition of his estate found to have been made in his will; and that upon his death bed he had called Joseph to him and informed him how "things were to be."

Upon the hearing before the register, the latter refused to admit the alleged will to probate and to vacate the letters of administration granted, whereupon the proponent appealed to the Orphans' Court.

The appeal was dismissed by the Orphans' Court, CHARLES A. BARNETT, P. J., in the following opinion:

Thomas W. Morrow died at home on or about the 21st of September, 1885. Letters of administration upon his estate were granted on the 12th October, 1885, to Thomas Morrow and Robert Morrow, two of his sons. On the 25th November, 1885, Joseph Morrow, another son, presented his petition to the register, setting forth that he had, since administration granted, come into possession of a testamentary writing which he

Opinion of Court below.

believed to be the last will and testament of said Thomas W. Morrow, and praying for the appointment of a day when he might produce said will and proof of its execution, that the same might be admitted to probate; and that a rule might be granted upon said administrators to show cause why this should not be done, and their letters of administration vacated and surrendered.

A day was appointed, and the testimony of witnesses taken to show the due execution of the instrument offered for probate, but the register refused the offer on the grounds that it was a conditional or contingent will, and the contingency not having happened, the instrument became void as a will. From this decision of the register the said Joseph Morrow has appealed to this court.

A true and correct copy of said instrument is as follows:

I am going to town with my drill and i aint feeling good and in case if i shouldend get back do as i say on this paper tomey and robert is to pay they last payment one this place Samuel nows his payments Joseph you are to have that land and town property and pay Magy $3.00 dollars $1.00 dollar a year without interest tomy Miten is to have his colt fore fredum.

tomy and robert is to settle up and make sail and devide the money equil amung my five boys this i write down and sign to my will.　　　　　　　　　　　　THO W. MORROW.

We have been referred by the able and zealous counsel of the proponent to the following authorities:

Jarman on Wills, 5 Amer. ed., Vol. I, page 28. It is there said, " A will may be made so as to take effect only on a contingency, and if the contingency does not happen the will ought not to be admitted to probate." In note 2, there are cited several examples of contingent wills, among others the following: A person intending to go to Ireland made his will in these words: " If I die before my return from my journey to Ireland, I direct," etc. The testator went to Ireland, returned to England, and died some years afterwards. It was held by Lord Hardwicke that the will was contingent, depending upon the event of the testator returning to England or not. As he did return the will could have no effect, but was void: Parsons v. Lanoe, 1 Vesey Sr. 190. The will of a

Opinion of Court below.

mariner commencing, "Instructions to be followed if I die at sea or abroad," is conditional: Lindsay v. Lindsay, L. R. 2 Prob. & Div. 459. In Kentucky a will saying, "If I never get back home I leave you everything I have in the world," was held to be contingent; Maxwell v. Maxwell, 3 Metc. 101. In Damon v. Damon, 8 Allen 192, the will began: "In the name of God, Amen! I, J. W. D., being about to go to Cuba, and knowing the dangers of voyages, do hereby make this my last will and testament," etc. "First. If by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife A.," etc. He then went on to give other specific devises. He returned from Cuba and died two or three years afterwards. The will was admitted to probate, but it was held to be conditional as to the first clause. On the other hand, in Tarver v. Tarver, 9 Pet. 174, the will began: "In the name of God, Amen! Being about to travel a considerable distance, and knowing the uncertainty of life, think it advisable to make some disposition of my estate, do make this my last will and testament." Mr. Justice THOMPSON said: "And it is contended that the condition upon which this instrument was to take effect as a will, was his dying on the journey and not returning home again. But such is a very strained construction of the will and by no means warranted. It is no condition, but only assigning the reason why he made his will at that time. But the instrument taking effect as a will is not made, at all, to depend upon the event of his return or not from his journey. There is no color, therefore, for annulling this will on the ground that it was conditional."

Walkem on Wills, page 257: The author says: "Papers propounded as wills are frequently contingent or conditional in form, and difficulty is sometimes experienced in determining whether or not, in the events that have happened, the will is to take effect. The question turns upon the point whether the contingency is referred to as the occasion of making the will, or as the condition upon which the instrument is to become operative." "Where the will is made dependent on a condition precedent, it cannot be upheld as a will unless the condition is performed. Thus, where the deceased, a master mariner, whilst on a voyage, wrote with his own hand a will

which commenced :—' This is the last will and testament of me, in case anything should happen to me during the remainder of the voyage from hence to Sicily and back to London, that I give and bequeath,' etc.   The court held that the dispositions of the will were dependent on the event referred to at the beginning of it, and that it had therefore only a contingent operation and probate was refused," and refers to In the Goods of Robinson, L. R. 2 Prob. 171, and other cases cited in the note.   " On the other hand a will in these words : I, W. M., being physically weak in health, have obtained permission to cease from all duty for a few days, and I wish during such time to be removed from the brig Appelina to the floating hospital ship Berwick Walls, in order to recruit my health, and in the event of my death occurring during such time, I do hereby will and bequeath," etc., was held not to be conditional.   And a will commencing with the words : " In case of any fatal accident happening to me, being about to travel by railway, I hereby leave," etc., was held not to be contingent on the testator's death on that journey.

3 Phill. 397, Strauss v. Schmidt, is to the effect that a conditional will may be established by subsequent recognition.

4 Swab. & Trist. 36 ; In the Goods of George Thorne, deceased.   The deceased died in London in September, 1864, leaving a paper writing dated at the Gold Coast of Africa, on 2d November, 1863, containing *inter alia* as follows : " Be this known to all concerned : I request that in the event of my death while serving in this horrid climate, or any accident happening to me, I leave and bequeath to my beloved wife," etc.   " I consider that every person should be prepared for the worst, and particularly in such a treacherous climate as this, which is considered one of the worst in the world, which has compelled me to write this letter."   It was held not necessary to limit its operation to the event of death while on the Gold Coast.

2 Bradf. 204 : In *ex parte* Lindsay ; the will contained :— " According to my present intention, should anything happen me before I reach my friends in St. Louis, I wish to make a correct disposal," etc.   The testatrix went to St. Louis, returned to New York, and died there more than a year after the date of the will.   The will was admitted to probate, the

surrogate saying: " There is another question necessary to be determined in this class of cases, and that is, whether the words clearly express a contingency upon which the instrument is to take effect, or whether they may fairly be interpreted as indicating the cause or occasion of making the will; whether, in the language of Sir John Nicholl, "it is an absolute condition, or dependent upon any particular motive operating at the time." The surrogate cites the following cases: In Burton v. Collingwood, 4 Hagg. 176, the will began: "March 5, 1814. Morning, near one. All men are mortal, and no one knows how soon his life may be required of him. Lest I should die before the next sun, I make this my last will and testament," etc. Eighteen years afterwards the will was held not to be contingent, and was admitted to probate. In Forbes v. Gordon, 3 Phill. 625, the words :—" In case of my inability to make a regular codicil to my will, I desire the following to be taken as a codicil," etc., were held not to be conditional. In Bateman v. Ponnington, 3 Moore P. C. C. 223, the instrument was written in ink, but dated and signed in pencil, with the addition: "In case of accident, I sign this will." The testator died more than three months afterwards, and the will was admitted to probate. In the Goods of Ward, 4 Hagg. 179, the paper propounded contained the expression: "I mention these matters thus particularly, to serve as a memorandum for you, in case it should be the Lord's will to call me hence by any fatal event in the voyage or journey before us." The paper was rejected, but the testator had made a subsequent altered will. In Sinclair v. Hone, 6 Ves. 608, the contingency expressed in a codicil was: "In case I die before I join my beloved wife ; " it was held to be contingent, and defeated by failure of the condition.

3 Bradf. 366, in Thompson v. Conner, the testator, Charles Stephenson bequeathed to his cousin, Margaret Baxter, three hundred dollars; "this gift and bequest being subject to the following condition, viz.: that the said Margaret Baxter shall produce from the officers of the ship in which I shall sail on my next cruise, satisfactory evidence of my decease during the same." His will was admitted to probate, the surrogate saying: "Doubtless, the possibility of death during the contemplated cruise was considered, and led to the incorporation of

the condition in the will; but then the condition refers primarily to evidence, or in other words, he does not give only upon condition he should die during that voyage, but that certain specified proof of his death shall be produced." The foregoing cases illustrate very fully the difference between the contingency which furnishes the occasion or motive, and is given as the reason for making the will at that particular time, and the contingency upon which the instrument is to take effect; the contingency which must happen before the instrument becomes a will at all. It is the certainty of death and the uncertainty of the time thereof that leads to the making of a will. The undertaking of a perilous journey, or the probable exposure to more than usual accidents, may furnish the occasion for making a will at a particular time; but although the time of making has been hastened by the apprehension of danger, the testator does not consider the instrument inoperative, or regard any further disposition necessary merely because the danger has been survived. When, however, the ordinary uncertainties of human life have not been carefully provided against, and circumstances may now postpone the opportunity for doing so, a crude instrument of testamentary character is sometimes made to bridge over the chasm, and become operative only upon some designated contingency, which shall prevent the execution of a maturely considered will. It is objected by his administrators against the writing left by Thomas W. Morrow, that it belongs to this latter class; that it is a contingent will, and the contingency not having happened, that the will is void. They rely upon the case of Todd's Will, 2 W. & S. 145. And it was upon the authority of that case that the register refused admission to probate. The will of George Todd began as follows: " My wish, desire and intention now is, that if I should not return (which I will, no preventing Providence) what I own shall be divided as follows," etc. C. J. GIBSON refers to the cases of Parsons v. Lanoe, and Sinclair v. Hone, *supra*, in which the wills were held to be contingent. " But," he says, " an intention to make the operation of the paper eventual, is not near so apparent in either of these cases as it is in the one under "consideration; " and the sentence of the court below refusing probate was affirmed. In the case at bar we think the will illustrates both sorts of contingency;

that which urged to the present making of the instrument, and that upon which the instrument itself was to take effect. " I am going to town with my drill and I aint feeling good," was the contingency suggesting the propriety of making the will. " And in case *if* I shouldend get back, do as I say on this paper," contains the contingency upon which the will should become operative. It is very clear that the will is not *presently* operative. He does not say: " I hereby give and bequeath ; " there is no immediate gift. He does not say absolutely, " do as I say on this paper ; " *some* time at least *must* elapse after his departure for town, before any such duty is imposed. The command is provisional: "*if I shouldend get back* do as I say on this paper." It is plain, that *his failure to return*, is the condition precedent required before the instrument can become effectual. If it was ineffectual until there was a failure to return, and if there was no such failure, it is also plain it never became effectual ; that it was a contingent will, and became void by the non-happening of the contingency.

In Todd's Will, the expression is, " if I should not return, what I own shall be divided as follows." In Morrow's Will the expression is, " if I shouldend get back do as I say on this paper." If I should not return, and if I shouldend get back, are forms of expression so plainly equivalent, that we are unable to see any distinction or difference between them. Notwithstanding the able argument of proponent's counsel, we are of opinion that the register's decision was right in principle, and obedient to the authority of Todd's Will, and must therefore be affirmed. And now, 4th November, 1886, the decision of the register is affirmed.

Thereupon the proponent took the present appeal and assigned for error the affirmation of the register's decree refusing to vacate the letters granted and to admit the alleged will to probate.

*Mr. W. H. Sponsler*, of *Sponsler & Markel*, for the appellant :

1. It is submitted that in every adjudicated case the condition was such that the testator clearly desired the instrument to be his will *only* on the happening or not of the contingency.

Argument for Appellees.

We find him in each instance surrounded with uncertainties, with perils fancied or actual, extended over *an uncertain period*, the very existence of which leads him to make the will, and leaving the inference clear that, if he were differently situated, he either would make no will at all at that time or a different one. If this principle is stated correctly, the court will notice two elements: *a*. It is but temporary, pending the happening of the contingency. *b*. The time through which the contingency may happen is extended and indefinite : In the Goods of Ward, 4 Hagg. 179 ; Parsons v. Lanoe, 1 Ves. Sr. 190 ; Sinclair v. Hone, 6 Ves. 607 ; In Goods of Robinson, L. R. 2 Prob. 171 ; Todd's Will, 2 W. & S. 145. In all these cases the courts held that the will was conditional and refused probate.

2. But the question turns upon the point whether the condition is referred to as the occasion of the making of the will, or as the condition upon which the instrument is to become operative : In Goods of Martin, 36 L. J. 116 ; In Goods of Dobson, 13 L. T., N. S., 758 ; *Ex parte* Lindsay, 2 Bradf. (N. Y.) 204 ; In Goods of Thorne, 4 Swab. & Tr. 36. In all these cases the courts admitted the will to probate. It is claimed that the sudden illness of the decedent caused him to make the will. His trip was a mere incident.

*Mr. W. A. Sponsler*, for the appellees :

1. The writing clearly comes under the rule established and denominated Conditional Wills, and this view is sustained by Parsons v. Lanoe, 1 Ves. Sr. 190 ; Lindsay v. Lindsay, L. R. 2 Prob. & D. 459 ; Maxwell v. Maxwell, 3 Metc. 101 ; Damon v. Damon, 8 Allen 192 ; Todd's Will, 2 W. & S. 145. A will or devise depending upon a condition or contingency is one thing, and the assignment of a cause for the making of a will or devise is another. Thus in Todd's Will, 2 W. & S. 145, the language used is : " If I should not return, what I own shall be divided as follows." In Traver v. Traver, 9 Peters 174, the language is : " Being about to travel a considerable distance, and knowing the uncertainty of life, think it advisable to make some disposition of my estate, do make this my last will and testament." As was said by the court, there is no condition here, only a reason given for making the will.

2. It is not a question of peril or uncertainty or length of a

journey, upon which a conditional will rests; a man can remain within his own domicile and write a conditional will. Thus, "If I should die before the first of the coming month, then I dispose of my property as follows." But he does not die before the first of the coming month, but lives considerable time after the first of the coming month; the will is conditional. The decedent simply provides if he should not return from town (Landisburg), then do as I say, etc.; but he did return from town and lived for several days after his return, and died in his own house in Carroll township.

OPINION, MR. JUSTICE GREEN:

It is scarcely possible to add anything to the very lucid and exhaustive opinion of the learned court below in this case. We agree entirely with the conclusion arrived at and the reasoning in support of it. The authorities cited are numerous and altogether convincing in their character. Our own case of Todd's Will, 2 W. & S. 145, is exactly in point and controls the present contention. The essential words there were, "if I should not return . . . what I own shall be divided as follows." The words here are, "in case if I shouldend get back, do as I say on this paper." The meaning in both these cases is the same. A testament is to take place if there is no return. But there was a return in both instances, and the testament does not transpire. There is no will because the condition on which it was to come into existence has not occurred. In both cases the deceased did return.

It is useless to speculate as to what the deceased would have done had he foreseen the precise facts which were to happen. He has made no provision for them. The condition which he has expressed is one which attaches to the operation of the instrument, and the effect of this is strongly expressed by GIBSON, C. J., in Todd's Will case, thus: " No text writer seems to have distinguished between a condition attached to a particular testamentary disposition, and a condition attached to the operation of the instrument. But in Parsons v. Lanoe, 1 Ves. Sr. 191, Lord Hardwicke said without hesitation that he would not require an authority for such a distinction, and that a paper subject to a condition ought not to be admitted to probate after failure of the contingency on the happening

of which it was to have taken effect. " Why should it be proved as a will when it could not have the effect of one? " And so here. The decedent did return from the journey he was about to take and the contingency upon which the paper was to take effect as a testament did not happen. Whether the journey was long or short is not material, it is the fact of the return which defeats the contingency. It is true he was sick at his return, but as he lived several days after, this fact also is immaterial. Further discussion seems unnecessary.

Decree affirmed.