# Forquer's Estate.

*Will—Contingency—Condition.*

To make a will contingent or conditional it must clearly appear from its language that it was to operate only during a certain period or in a certain event.

When the event which constitutes the contingency expressed in the instrument can be reasonably construed to have been the occasion for making the will at a particular time rather than as the reason for making it in a particular way, it should be so construed.

Unless it appears from the will itself that it was not to operate in a certain event, it will be entitled to probate.

The character of a will, as being contingent, or not contingent in its operation, depends on the intention of the testator as expressed in the will itself without the aid of extrinsic evidence in the form of subsequent declarations made by the testator in an incidental way, as to the disposition of his property. This rule, however, does not exclude evidence of the republication of a will already made, but which has been rendered inoperative by the happening of a contingency therein mentioned.

Testator directed as follows: "I intend starting to-morrow morning to Montana to see my brother. Knowing the uncertainty and risk of a journey, know all persons that I do hereby will and bequeath" my real and personal property to my wife. "Also all judgments owned by me, and notes due me are hereby bequeathed to my said wife. . . . And should anything befall me while away, or that I should die, then in that event all my estate, money, notes, property of every nature and description, both real and personal, are hereby assigned, conveyed and set over to my wife for her sole benefit." *Held,* that the will was not merely contingent upon testator's death on his journey, but continued operative after his safe return, and his death thereafter.

In such a case the construction of the will made by the court is further sustained by the fact that the testator a few days before his death republished the will in the presence of his wife and another person.

Argued Oct. 17, 1906. Appeal, No. 3, Oct. T., 1906, by Hugh J. Forquer et al., from decree of O. C. Butler Co., March T., 1905, No. 74, on appeal from register of wills in estate of William A. Forquer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from register of wills.

GALBREATH, P. J., filed the following opinion:

William A. Forquer died on April 9, 1902, leaving to survive

him a wife, Martha M. Forquer, the proponent, and two brothers, several sisters and children of a deceased sister, who are the appellants. On November 10, 1882, which was about one year after his marriage to his said wife, being about to go on a journey to Montana to visit a sick brother, he wrote and signed a last will and testament, without attestation by subscribing witnesses. By profession he was an attorney at law and for many years before his death was a prominent member of the bar of Butler county. The will, when made, was committed to the keeping of his said wife, while absent on the journey to Montana. On his return, according to the evidence, he made inquiry of his wife for the will, read it to her and then placed it in his office safe, where it remained, except when taken out by him on occasion for examination, until a short time before his death, during his last illness, when, at his request it was brought and read to him by his wife, in the presence of a young woman then residing in the house, and after expressing satisfaction with its contents, he committed it to the custody of his wife until such time as it would be necessary to probate it.

No question is raised as to its being his will duly executed at that time. The appellants contend, however, that the operation of the will was contingent on the testator's death during his said journey to Montana, and that having returned in safety, it became inoperative and was not, therefore, entitled to probate on his death occurring subsequently.

The question, therefore, is whether the proposed journey, with its attendant dangers, was only the occasion which suggested the making of a will at that time, or was it, in the testator's mind, a reason for disposing of his property in a way not contemplated if he should return. In other words, was the will then made intended by the testator simply to bridge over the time of his journey, or did it look beyond that to the event of his death whenever and wherever it might occur?

From the numerous cases cited by counsel several principles or rules may be deduced which are to be observed in the construction of wills claimed to be contingent. These may be stated as follows:

1. If the contingency expressed in the instrument is referred to as the occasion of making the will at that time, it is not, in that event, contingent, but if it is referred to as a reason for

disposing of the property in a certain way and the disposition and the contingency are so related to each other that the one is dependent on the other, the will is, in that event, contingent.

2. If the language used in the will can by any reasonable interpretation be construed to mean that the testator refers to a possible danger or threatened calamity only as a reason for making a will at that time, such reasonable interpretation will prevail, and the will is not contingent.

3. To make a will contingent or conditional it must clearly appear from the language of the will that it was to operate only during a certain period or in a certain event.

These rules, we think, are sustained by many authorities, among which the following may be cited:

" But if the condition is one that strikes into the essence of the whole will, affecting its status for probate and a valid operation, the main point to determine is, whether so sweeping an effect was really intended. For one may state a contingency that he has in mind as the inducement for making his will, by way of narrative, so to speak, or he may, on the contrary, state it as the condition on which the will is to become operative. The question is, which he intended; and the inclination, in case of doubt, should, we hold, be to the former and less injurious and impolitic conclusion:" Schouler on Wills, sec. 285.

In the Goods of Porter, Law Reports, 2 Prob. & Div. 22, Lord Penzance held that if the language used in the will can by any reasonable interpretation be construed to mean that the testator refers to a dangerous journey about to be taken or a threatened calamity only as a reason for making a will at that time, it is not a contingent will.

In Likefield v. Likefield, 82 Ky. 589, the rule is held to be that courts will not incline to regard a will as conditional if it can be reasonably held that the maker was simply expressing his inducement to make it, however inaccurate the language may be for that purpose, if strictly construed, and that unless the words clearly show that it was to be temporary or contingent, it will be upheld.

In Cody v. Conly, 27 Grattan (Va.), 313, the court says: " The cases show that while a person may make a conditional will his intention to do so must appear very plainly on the face

of the will, and if such an intention do not so appear, the will must be regarded as unconditional. In order to render the instrument contingent in its operation it should clearly appear by its language that it was not. intended to remain an operative will except in the event of the failure to return."

Reference to a few of the many cases cited by counsel will indicate how those rules have been applied by the courts.

In Todd's Will, 2 W. & S. 145, written in contemplation of a journey, as follows: "My wish, desire and intention now is that if I should not return (which I will, no preventing Providence) what I own shall be divided as follows," etc., it was held that, on his return and subsequent death, the will was contingent.

In Hamilton's Estate, 74 Pa. 69, the language, "Should I die before the first of March, 1873," etc., was held to be the expression of a contingency which prevented the operation of the instrument after the event failed to happen.

In Morrow's Appeal, 116 Pa. 440, Morrow, when about to go from home, wrote and signed a testamentary paper, beginning as follows: "I am going to town with my drill and i aint feeling good and in case i shoulddend get back do as i say on this paper," etc. He returned but died soon afterward in the same illness. The will was held to be contingent.

In Jeffries's Estate, 18 Pa. Superior Ct. 439, the testatrix made a will giving all her estate to a trustee for her nephew, George L. Stewart, and subsequently on the same day she executed a second will, as follows: "Know all men by these presents that I, Mary A. Jeffries, of sound mind, am going on a trip from home with my nephew, George L. Stewart, do hereby direct that in case of the death of both of us that my estate shall be divided as follows:" Then follow certain dispositions, after which she adds: "I declare the above to be my will and testament in case of the death as aforesaid of myself and George L. Stewart." Both survived the journey, and the last paper was thereupon held inoperative.

In Magee et al. v. McNeil, 41 Miss. 17, the will of a soldier in the confederate army contained the following expression: "If I never return home I want all I have to be my wife's." On his return and subsequent death the will was held to be contingent.

In Damon v. Damon, 90 Mass. 192, the will contained the following : " I, J. W. D., being about to go to Cuba, and knowing the danger of voyages, do hereby make this my last will," etc. " First: If by casualty or otherwise, I should lose my life during the voyage, I give and bequeath to my wife A.," etc. He then went on to give other specific devises. Held, conditional as to first clause of the will.

In all the foregoing cases it will be observed that the contingent character of the instrument or devise stands out clearly.

Adverting to some of the cases in which wills claimed to be contingent have been held not to be so, the following may be noted :

In the Goods of George Thorne, 4 Swab. & Trist. 36, the will, dated at the Gold Coast of Africa in 1863, contained the following : " Be this known to all concerned : I request that in the event of my death while serving in this horrid climate or any accident happening to me, I leave and bequeath to my beloved wife," etc. " I consider that every person should be prepared for the worst and especially in such a treacherous climate as this, which is considered one of the worst in the world, which has compelled me to write this letter." It was held not contingent on death on the Gold Coast.

In the Goods of Dobson, Law Reports, 1 Prob. & Div. 88, the following language : " In case of any fatal accident happening to me, being about to travel by railway, I hereby leave," etc., was held not to render the will contingent, the court, per Sir J. P. WILDE, saying : " I am unwilling to refuse probate of a testamentary paper on the ground that it was contingent, unless it is clear that the testator intended that it should operate only in a certain event or during a certain period."

In the Goods of Martin, Law Reports, 1 Prob. & Div. 380, the will contained the following : " I, W. M., being physically weak in health, have obtained permission to cease from all duty for a few days and I wish during such time to be removed from the brig Appellina to the floating hospital ship, Berwick Wall, in order to recruit my health, and in the event of my death occurring during such time, I do hereby will and bequeath," etc. The will was held not contingent.

In the Goods of Stewart, 21 Law Reports, Ireland, 105, the will contained the following : " As I am about to leave home

for Bangor, should any accident take me out of this world,"
etc., which was held not to render it contingent.

In Tarver v. Tarver, 34 U. S. 174, the will begins as follows :
" Being about to travel a considerable distance and knowing
the uncertainty of life, think it advisable to make some dispo-
sition of my estate," etc.   Held not contingent.

In Ex parte Lindsay, 2 Bradford's Surrogate (N. Y.), 204,
the following was held not to render the will contingent:
" According to my present intention, should anything happen
me before I reach my friends in St. Louis, I wish to make a
correct disposal," etc.

In Skipwith v. Cabell, 19 Grattan (Va.), 758, the language,
" In case of a sudden and unexpected death, I give the re-
mainder of my property," did not make the will a condi-
tional one.

In Likefield v. Likefield, 82 Ky. 589, the language, " If any
accident should happen me that I die from home my wife,
J. A. L., shall have everything I possess," was held to render
the will inoperative or contingent.

These citations of general principles and their application to
concrete cases seem to make it quite clear that when the event
which constitutes the contingency expressed in the instrument
can be reasonably construed to have been the occasion for mak-
ing the will at a particular time, rather than as the reason for
making it in a particular way, it should be so construed ; and
further, that unless it clearly appear from the instrument itself
that it was not to operate in a certain event, it will be entitled
to probate.

Applying these rules to the will of William A. Forquer it
may be observed, we think, that its first portion contains no
hint that its provisions were in any way contingent.   It is as
follows :  " Butler, November 10th, 1882.   I intend starting to-
morrow morning to Bozeman, Montana, to see my brother Jo-
seph.   Knowing the uncertainty and risk of the journey, know
all persons that I do hereby will and bequeath all my personal
property to my wife, Martha M. Forquer.   And I do hereby
devise my real estate to said Martha M. Forquer, which con-
sists in the undivided one-half of the one-fifth of one hundred
acres of land in Allegheny township, Butler county, the title
to which is in Thos. Niggle, the deed for which is in the safe,

which has never been delivered to him. There is also a paper in the safe signed by Thos. Niggle stating that I am the owner of the one-half of said one-fifth of said one hundred acres of land, I having paid the purchase money recited in the said deed. Also all judgments owned by me and notes due me are hereby bequeathed to my said wife."

Thus far there is nothing in the language of the will to render its operation contingent. The reference to the proposed journey seems but a statement of his reason for the making of his will at that time. It belongs to that class of phrases so often found in the introductory language of wills, such as " Knowing the uncertainty of life," etc. And we think it may be safely said that if the will had ended here no doubt could arise as to its absolute character. But the language which follows seems to gather up all that has gone before and to express it in another form. Did the testator intend that it should also, have a different meaning? The dispositions thus far made carry his whole estate to his wife, without any suggestion of their being contingent in character. Did he intend by the language which immediately follows to undo the absolute disposition already made of his whole estate, and attach a condition which would make their efficacy contingent on his death occurring during the time of his contemplated journey?

The language which immediately follows that already quoted, and on which is predicated the contention that the will is contingent, is as follows : " And should anything befall me while away or that I should die, then in that event all my estate, money, notes, property of every nature and description, both real and personal, are hereby assigned, conveyed and set over to my wife for her sole benefit," etc. Is this language merely a repetition in the form of a summary of what has gone before, or is it a disposition different in kind from that which had been already made? Can the will as a whole, by any reasonable interpretation, be made to speak as of the time of testator's death, whenever it might occur, or does it, on the. other hand, clearly appear from the will itself that it was only intended to become of effect in the event of testator's death during his contemplated journey? Three reasons impel us to a conclusion in favor of the former proposition. These are :

1. Testator's evident solicitude for his wife, apparent in the will.

2. We do not think that the contingency expressed in the will was intended to undo or destroy the absolute character of the dispositions already made therein.

3. The language used to express the contingency does not clearly lead to the conclusion that it was intended to render the will contingent in its operation. It may, on the other hand, be reasonably construed in favor of an absolute will.

No Pennsylvania case has been cited in which the language of the contingency is at all similar to that of the case at bar. And the only case cited in which there is any proximate similarity is in the Goods of George Thorne, 4 Swab. & Trist. 36.

The language there is: "I request that in the event of my death while serving in this horrid climate, or any accident happening to me," etc. The first part of this language expresses a clear contingency and, standing alone, would seem to render the will contingent, but the disjunctive clause which follows, "or any accident happening to me," without qualification as to time or place, seems to have relieved the will of its otherwise contingent character. In the case before us the language expressive of the contingency is "and should anything befall me while away or that I should die," etc. The expression "should anything befall me while away," standing alone, is clearly contingent. It evidently refers to the possible death of the testator while away, as no other event could befall him which would give effect to the disposition of his estate which he was then making. The testator would have expressed the same thought had he said, "And should death overtake me while away." It clearly refers to his possible death while on his journey. We may well suppose that the testator, by the disjunctive expression which follows, "or that I should die," meant to add something to what he had already said. He had already provided for the contingency of death while on the journey. We may assume that he meant to add something by the use of the language which followed, and if so, that he meant to make provision against the event of his death whenever it might occur. By the use of the disjunctive "or" the provision which follows excludes the thought that immediately preceded, and has, we think, the same force and meaning as

if it stood alone. To give it the meaning contended for by the appellants we would have to interpolate the qualifying expression, " while away," used in the preceding clause. But what warrant have we for doing this in order to give to the instrument a contingent character, which, if it exist, must clearly arise out of the writing as it stands? In other words, we conclude (1) that it does not clearly appear from the will itself that its operation was intended to be contingent and (2) that it can, by a reasonable interpretation of its language, be construed to be absolute rather than contingent, and in either event, under the authorities, it is entitled to probate.

This conclusion has been arrived at from a consideration of the language of the will itself unaided by extrinsic evidence. The character of a will, as being contingent or not contingent in its operation, depends on the intention of the testator as expressed in the will itself without the aid of extrinsic evidence in the form of subsequent declarations made by the testator in an incidental way, as to the disposition of his property.

In Wusthoff v. Dracourt, 3 Watts, 240, it is said that: " Courts of law have always leaned against extrinsic evidence to explain the intention of the testator. There is, in fact, but one case where it is permitted and that is where the ambiguity is introduced by extrinsic circumstances and in such case parol evidence is admitted from necessity."

When the subject-matter to which the language of the will is intended to apply is not clear or where more than one person answers to the description of the object of the testator's bounty, or when the object is not well expressed, the court may invoke the aid of extrinsic circumstances in order to determine the testator's intent. Without doubt, too, the careful preservation of a regularly executed will up to the time of death is of importance in the construction of a subsequent paper of doubtful testamentary import, an instance of which is found in Jacoby's Estate, 190 Pa. 382. But we have not been referred to any authority which holds that the character of a will, as being contingent or otherwise, may be determined or any doubt thereof solved by the introduction of extrinsic circumstances such as those referred to. The court, in a proper case, may be aided by evidence of the circumstances surrounding testator at the time of making his will, so as to put itself as

nearly as possible in his place at the time the will was executed, but even this cannot be permitted to affect the construction when the language is clear and unambiguous. To be governed or even aided by the subsequent declarations of a testator in determining his intentions as already written in his will would be a precedent attended with much danger, tending to inject into the will an intent possibly not written therein and thus to depart from the strictness of the rule which requires wills to be in writing. The meaning of the language of the will might thus be made to depend, in some degree, not on the intention of the testator at the time the will was executed, but on what he afterward said about it under circumstances in which no testamentary import should be predicated of his words.

All the evidence, therefore, in the case at bar, of the subsequent declarations of the testator to the effect that he had made a will and given his property to his wife, and which was received under objection, is excluded, and the objections thereto sustained. The question at issue is not whether a will had, in fact, been made, but what is the meaning of a will admittedly made. Whatever doubt exists as to its meaning is not introduced by extrinsic circumstances, but is from within. The court cannot, therefore, as we think, invoke the aid of extrinsic circumstances in order to its solution.

This does not, however, exclude evidence of the republication of a will already made, but which has been rendered inoperative, revoked or superseded by some subsequent will or circumstance. And such republication may be by parol: Havard v. Davis, 2 Binney, 406 ; Jones v. Hartley, 2 Wharton, 103; Campbell v. Jamison, 8 Pa. 498; Jack v. Shoenberger, 22 Pa. 416 ; Wallace v. Blair, 1 Grant, 75.

Having arrived at the conclusion that the will under consideration was absolute in character and not contingent, and there being no evidence of its subsequent revocation, it would seem unnecessary to determine the contention of proponent's counsel that the testator, a few days before his death, in the presence of his wife and another, did republish his will. The evidence, however, of what took place at that time is uncontradicted and is sufficient to establish a republication of the will, and the will so republished is, we think, relieved of the

contingency expressed therein, the event having been passed. This would seem not only reasonable, but to be supported by authority. In Schouler on Wills, sec. 287, it is said: "But where a will, written as though conditional upon a long journey, is re-executed and duly witnessed after the testator's safe return, the condition ceases, and the will may fully operate by remaining uncancelled." We see no reason why this rule should not govern where, instead of a re-execution of the will, there has been a republication of it, supported by the necesary evidence.

We conclude, therefore, that the will of William A. Forquer was entitled to probate. The decree of the register of wills, admitting it to probate, is therefore affirmed and the appeal therefrom is dismissed September 4, 1905.

*Error assigned* was the decree of the court.

*S. S. Mehard,* with him *A. T. Black* and *W. Z. Murrin,* for appellants.—The will in dispute was contingent upon the death of the testator, William A. Forquer, while on the journey mentioned in it, to Bozeman, Montana, and was not effective as a will after his safe return: 1 Redfield on Wills, 177–179; 1 Jarman on Wills, 6 ed., 27–28; 1 Williams on Executors, 225; Todd's Will, 2 W. & S. 145; Hamilton's Estate, 74 Pa. 69; Morrow's Appeal, 116 Pa. 440; Jeffries's Estate, 18 Pa. Superior Ct. 439; Parsons v. Lanoe, 1 Vesey Sr. 189; Magee v. McNeil, 41 Miss. 17; Maxwell v. Maxwell, 60 Ky. (3 Metc.) 101; Dougherty v. Dougherty, 61 Ky. (4 Metc.) 25; Damon v. Damon, 90 Mass. 192; Robnett v. Ashlock, 49 Mo. 171.

Evidence of the parol declarations of the testator was not admissible to effect the interpretation of the instrument in question: Thompson v. Kaufman, 9 Pa. Superior Ct. 305; Sponsler's App., 107 Pa. 95; Flowers v. Franklin, 5 Watts, 265; Hancock's Appeal, 112 Pa. 532; Green's Estate, 140 Pa. 253; Stevens' Estate, 164 Pa. 209; McVey v. Latta, 4 W. N. C. 524; Follweiler's Appeal, 102 Pa. 581; Hulton's Appeal, 104 Pa. 359; MacConnell v. Wright, 150 Pa. 275; McCall v. McCall, 161 Pa. 412; McCay v. Hugus, 6 Watts, 345, 347.

Evidence of a parol republication of the will in question was

not admissible so as to revoke a condition therein expressed : Havard v. Davis, 2 Binney, 406; Jones v. Hartley, 2 Wharton, 103 ; Campbell v. Jamison, 8 Pa. 498 ; Jack v. Shoenberger, 22 Pa. 416 ; Wallace v. Blair, 1 Grant, 75.

*T. C. Campbell,* with him *R. P. Scott, S. F. Bowser* and *Lev. McQuistion,* for appellee. The will was an absolute will and not conditional or contingent : Parsons v. Lanoe, 1 Vesey Sr. 189 ; Morrow's App , 116 Pa. 440 ; Sinclair v. Hone, 6 Vesey, 608 ; Burton v. Collingwood, 4 Haggard Eccl. 176 ; Forbes v. Gordon, 3 Phillimore, 614 ; Thorne's Case, 4 Swab. & Trist. 36 ; Martin's Case, L. R. 1 Probate & Divorce, 380 ; Porter's Case, L. R. 2 Probate & Divorce, 22 ; Lindsay v. Lindsay, L. R. 2 Probate & Divorce, 459 ; Hugo's Case, L. R. 2 Probate Division, 73 ; Mayd's Case, L. R. 6 Probate Division, 17 ; Jacks v. Henderson, 1 Desaussure's Eq. (So. Car.) 543; Wagner v. McDonald, 2 Harris & Johnson (Md.), 346 ; Tarver v. Tarver, 34 U. S. 174; Todd's Will, 2 W. & S. 145; Ex Parte Lindsay, 2 Bradford's Surrogate (N. Y.), 204; Thompson v. Connor, 3 Bradford's Surrogate (N. Y.), 366 ; Maxwell v. Maxwell, 60 Ky. 101 ; Dougherty v. Dougherty, 61 Ky. 25 ; Damon v. Damon, 90 Mass. 192 ; Magee v. McNeil, 41 Miss. 17 ; Shipwith v. Cabell, 19 Grattan (Va.), 758; Robnett v. Ashlock, 49 Mo. 171 ; Cody v. Conly, 27 Grattan (Va.), 313 ; French v. French, 14 W. Va. 458 ; Likefield v. Likefield, 82 Ky. 589 ; Morrow's App., 116 Pa. 440 ; Jeffries's Est., 18 Pa. Superior Ct. 439 ; Hamilton's Est., 74 Pa. 69 ; Mickley's App., 92 Pa. 514.

If the will as written was conditional or contingent, it may be republished by the testator by parol after the event upon which the contingency depended has been safely passed : Magee v. McNeil, 41 Miss. 17 ; Maxwell v. Maxwell, 3 Metc. (60 Ky.) 101 ; Campbell v. Jamison, 8 Pa. 498 ; Jack v. Shoenberger, 22 Pa. 416 ; Wallace v. Blair, 1 Gr. 75 ; McCullough v. Fenton, 65 Pa. 418 ; Porter's App., 94 Pa. 332; Stambaugh's Est., 135 Pa. 585; MacConnell v. Wright, 150 Pa. 275; Duffy's Est., 4 Pa. Dist. Rep. 147 ; McKeehan v. Wilson, 53 Pa. 74.

PER CURIAM, January 7, 1907 :
Decree affirmed on the opinion of the court below.