## Dowling's Estate.

The facts appear from the opinion of

STEARNE, J., Presiding Judge.—This is an appeal from the decision of the register of wills admitting to probate, as the last will and testament of the decedent, a writing dated June 25, 1919. The decedent died June 21, 1931. There is no dispute as to the facts, the issue being solely one of law, to wit: Whether the instrument is conditional or absolute. Should the instrument be regarded as conditional, the contingency not having occurred, the document is not the will of decedent and probate should be refused. On the other hand, if the writing is held not to be conditional, but absolute, then the probate as a will was correct.

The paper, in the handwriting of the decedent, reads as follows:

"Phila June 25th 1919.

"To whom it may consern that I. Michael P. Dowling is to go on opperation for a groth in the head if anything serious shoud happen to me I leave all I own to Catherine Jane Doebley for what she has done for me in the past consisting of

The house at 459 E. Moyer St.
"     "     " 915 E. Columbia Ave.
Bank account Land Title Blg.
"     "     Phila Saving Fund

Yours truly

| Witnesses: | MICHAEL DOWLING |
|---|---|
| Matilda Isell | Nellie F. McDevitt |
| 163 W. Gerard Ave. | 1029 N. Front St." |

The petition avers, and it is admitted in the answers, that at the time of the execution of the writing the decedent was about to undergo a surgical operation; that he did undergo the operation, and subsequently recovered therefrom. He lived nearly twelve years thereafter.

Able counsel on both sides presented exceptionally illuminating briefs, in which are collected all of the authorities in this and other jurisdictions. There are many conflicting decisions. Yet, as Mr. Justice Holmes remarks in Eaton v. Brown, 193 U. S. 411, in these cases precedents are of extremely doubtful value "as each case must stand so much on its own circumstances and words."

Gardner on Wills (2nd ed.), p. 59, very concisely says:

"Cases involving this question have most commonly arisen in the construction of wills referring to some impending danger, and the possible death of the testator under certain circumstances. The question always is whether the happening of the possibility referred to is a condition precedent to the operation of the will, or whether the possibility of the happening was the motive which led to the preparation of the instrument, and which has been carelessly or inaccurately referred to in language in itself suggestive of a condition."

This statement of Gardner very sharply emphasizes the problem involved. Did this testator, in writing his own will, intend to provide that it was only in the event of a fatal result of the operation that his will should become effective, or was the fact of his operation and the contemplated possibility of death, then or at some future time, the motive for his testamentary provisions?

Gardner, in the same section, *supra,* says (p. 60) :

"While the cases are irreconcilable, the strong tendency of the courts is to construe wills as unconditional if there is any room for doubt."

40 Cyc. 1083 says: "Whether a will is to be regarded as contingent turns upon the point whether the contingency is referred to as the occasion of or reason for making the will or as the condition upon which the instrument is to become operative; and unless the words clearly show that it was intended to be contingent it will be upheld."

Page on Wills (2nd ed.), p. 139, § 79: "The general tendency of the courts is to regard the will as absolute rather than conditional unless the language employed by the testator unequivocally shows his intention to make the entire will conditional."

Page on Wills, *supra,* very clearly summarizes the real issue in the present case:

"If the testator uses language which attempts to anticipate the circumstances of his death, the problem is frequently presented whether testator does not intend his will to take effect unless his death occurs under the circumstances set forth in the will, in which case the will is conditional [this principle is illustrated in the Pennsylvania case of Morrow's Appeal, 116 Pa. 440, where the farmer stated that the paper he wrote was only effective if he failed to return from town] or, whether testator merely recites such anticipated circumstances of death as the motives which induced him to make his will." The text goes on to say: "There is quite a strong tendency to treat such provisions, where possible, as descriptive of the motives which induce testator to make his will, and not as conditions on which the validity of the will depends." The author cites, *inter alia,* the Pennsylvania case of Forquer's Estate, 216 Pa. 331, as authority.

In Pennsylvania, the leading case is Forquer's Estate, 216 Pa. 331, where the exhaustive and well-considered opinion of Judge Galbreath was adopted *per curiam* by the Supreme Court. On page 336 it is stated:

"When the event which constitutes the contingency expressed in the instrument can be reasonably construed to have been the occasion for making the will at a particular time, rather than as the reason for making it in a particular way, it should be so construed; and further, that unless it clearly appear from the instrument itself that it was not to operate in a certain event, it will be entitled to probate."

Jarman on Wills (7th ed.), p. 42, says:

"A will may be made so as to take effect only on a contingency, and if the contingency does not happen the will ought not to be admitted to probate. The contingency will generally attach to every part of the will, *e. g.,* to a

clause revoking former wills. But a codicil in other respects contingent will be admitted to probate, because it may operate as a republication of the will. A reference to some impending danger is common to most of these cases, and the question is whether the possible occurrence of the event is the reason for the particular disposition which the testator makes of his property, as where he says, 'Should anything happen to me on my passage to W., I leave,' etc.; or only the reason for making a will, as where he says, 'In case of accident, being about to travel by railway, I bequeath,' etc."

In note (Z) to this section the statement is made:

"But the expressions used by the testator must be such as clearly to indicate his intention that the will is only to take effect upon his death during a particular journey or period; if the expressions are equivocal, the will will not be regarded as conditional, but will be admitted to probate, though the journey or period has been completed: In b. Mayd, 6 P. D. 17; In b. Spratt (1897) p. 28; Halford v. Halford (1897), p. 36; Townsend v. Moore (1905), p. 66; In b. Vines (1910), p. 147."

While I admitted extrinsic evidence which established the decedent's preservation of the document after the operation, and his full recovery therefrom, I deem such evidence, of comparatively little weight, because the conditional character of the will depends upon the testator's intent at the time of execution. See Gardner on Wills, p. 61.

The register of wills has written an excellent opinion upon contingent wills (not reported) in Estate of Alexander S. Johnson, deceased, No. 2109 of 1931, O. C., in which he reviews the authorities and coincides with the principles and rules hereinbefore stated.

I have carefully considered the words of the present instrument, and have formed the opinion that the testator merely recited the fact of the impending operation as the motive which induced him to write his will; that decedent was contemplating the possibility of death generally and expressed his desires with respect to the disposition of his estate in such event. I can discover no expressed or implied intention to stay his testamentary provisions unless death resulted solely from or because of the operation. Putting the matter in slightly different words: The statement of the impending operation and the contemplation of the possibility of death was the occasion for making the will at that time and was not the reason for making it in that particular way.

*William A. Hayes* and *James J. Hayes*, for exceptants.

*Charles F. Kelley* and *Daniel C. Donoghue*, contra.

SINKLER, J., January 15, 1932.—The exceptions to the opinion dismissing the appeal from the register of wills relate to the finding that the will is absolute and not conditional. The opinion reveals a careful study of the principles of law applicable to the case, as set forth both in the treatises upon the subject and in the reported cases.

These principles of law may be summarized as follows:

If the contingency expressed in the will was the motive for making it, then it is an absolute one. If the testator intended that his will should have testamentary effect only upon the happening of the contingency, it is conditional. The courts are inclined to construe a will as absolute unless the language thereof shows an unmistakable intention to make the will contingent.

Construing the present will in the light of these principles, the correct conclusion has been reached by the Presiding Judge.

The tendency of the courts to construe wills as unconditional is in harmony with the general policy of the law to avoid an intestacy. Vice Chancellor Bacon said in Russell v. Chell, L. R., 19 Ch. Div. 432: "The court leans

against intestacy in all cases, not from compassion, but as a fixed principle of law. The law is opposed to intestacy."

The will of Michael P. Dowling, written by himself, is misspelt, ungrammatical and not punctuated; yet it resolves itself into two clauses: (1) a recital that he is about to undergo an operation; (2) a testamentary disposition that if anything serious should happen he leaves all he owns to Catherine Jane Doebley for what she has done for him in the past. If the phrase "If anything serious should happen" means the death of the testator, the contingency contemplated did not occur. He lived twelve years after the making of the will. The contestants are the children of a brother or possibly a half-brother of the testator.

Nowhere is the law applicable to this case more clearly stated than in the following paragraph from the opinion of Galbreath, P. J., of the Orphans' Court of Butler County, reported in Forquer's Estate, 216 Pa. 331 (1907): "When the event which constitutes the contingency expressed in the instrument can be reasonably construed to have been the occasion for making the will at a particular time, rather than as the reason for making it in a particular way, it should be so construed."

The wording of the will reveals the testator's reason for making the will in this particular way, that is, in favor of Catherine Jane Doebley. It is "for what she has done for me in the past," not because he is about to undergo an operation on his head which might have a serious result. We are not to construe the event which constituted the contingency as the testator's reason for his testamentary disposition; first, because it may be reasonably construed as the occasion for making his will at the particular time when he was about to undergo an operation; second, because he has in his will furnished the reason for leaving all he has to the beneficiary he has named.

The conclusion reached by the Presiding Judge is not out of harmony with the leading cases on the subject. In Todd's Will, 2 W. & S. 145 (1841), testator, about to make a long journey because of his impaired health, addressed an informal testamentary paper to a friend: "My wish . . . now is that if I should not return," etc. But, the opinion of the Supreme Court continues, his anxious uncertainty in regard to the suspected pregnancy of his wife made it evident that he intended a provisional arrangement of his affairs, not effective in the event of his death at home, when he would have had an opportunity to make a more fully considered will, and when the question of his wife's pregnancy would be settled. Todd's Will was followed in Morrow's Appeal, 116 Pa. 440 (1887), which involved another informal testamentary paper, executed in contemplation of a short journey. The essential words providing for a failure to return from the journey were found to have the same meaning in each case. In both of these cases the wills were invalid because the testator did in each case return from his journey.

In Jeffries's Estate, 18 Pa. Superior Ct. 439 (1901), it is manifest that the will was to have effect only should testatrix and her nephew both die on a contemplated journey.

Whitaker's Estate, 219 Pa. 646 (1908), has little bearing on the present case. The will was unconditional. The conditional words, written on the envelope which contained the will, were unsigned. The will was upheld.

In Forquer's Estate, supra, there is an alternative provision in the event that anything should befall testator while away or that he should die. The will was held absolute.

In none of the cases cited is there to be found, as in the present case, a reason explicitly expressed in the will for making the will in favor of the

person designated. In Todd's Will, *supra*, the pregnancy of the wife at the time the will was made was held a significant circumstance in finding the will was conditional. In Forquer's Estate, the testator's solicitude for his wife, apparent in his will, was one of the reason that impelled the conclusion that the will was absolute.

The first exception of appellant relates to the admission of evidence showing that the testator preserved the document admitted as a will for many years after the operation referred to had been performed. The exceptant's brief of argument does not press this exception. The Presiding Judge considers the evidence of little weight and rests his decision upon the intention of the testator at the time he executed the will.

The evidence is admissible. The preservation of the document after the apparent condition has failed may be shown: Likefield *v.* Likefield, 82 Ky. 589.

In Davis's Estate, 275 Pa. 126 (1922), the following facts are disclosed: Testator addressed a letter to a friend, enclosing two certificates of deposit, and requested that should he die in the near future these certificates be delivered according to certain directions contained in the letter. He lived about three months after writing the letter. It was admitted to probate as a will. An appeal was dismissed, both by the Orphans' Court of Fulton County and the Supreme Court. At the end of the opinion of Mr. Justice Sadler we find the following: "He made no effort to withdraw his letter, or secure the return of the papers [certificates of deposit], though there was ample time to do so, if the purpose of the transaction was merely to meet some passing crisis. This plainly suggests the thought that, for that period at least, he desired the endorsed certificates to remain. Testator evidently had in mind the possibility that he might change his manner of distribution, but he did nothing to indicate an alteration in his expressed desire."

The only testimony in the present case is that of Catherine Jane Doebley, the beneficiary named in the will. She was called for the purpose of showing that the will was kept by the testator with his other important documents. The witness testified that the will was kept in the testator's chiffonier in his bedroom with the deeds to his real estate; that several years after the will was made, he removed the deed to one of the properties, that he then handled the will, picked it up and put it back in the box. The witness afterwards saw him handle the will. It was found the day after his death. That the testator kept his will in this manner up to the time of his death, and not inadvertently, indicates his desire that it should remain effective in spite of his recovery from the operation which occasioned the making of the will.

On cross-examination, the witness testified that she had been the testator's housekeeper from 1907 up to the time of his death. This evidence is competent as showing the circumstances under which the will was made, and explains the statement made in the will that the testator devised his entire estate to the said Catherine Jane Doebley because of what she had done for him in the past. It further discloses that the relationship which led the testator to make his will in favor of the witness continued up to his death.

The exceptions are dismissed upon the following grounds: First, the tendency of the courts, particularly in recent times, is to construe a will as an absolute one and not conditional; second, the contingency expressed in the instrument is to be considered as the occasion for making the will at a particular time, not as the reason for making it in a particular way; third, the wording of the will indicates that the bequest was made to Catherine Jane Doebley because of what she had done for him in the past; fourth, the evi-

dence discloses that the testator had preserved the will among his other documents up until the time of his death, and that his relations to the beneficiary, out of which his obligation to her arose, remained unchanged up to the time of his death.

All exceptions are dismissed and the decree of the Presiding Judge is confirmed absolutely.