## Luckman's Estate

470

*Stanley M. Goetz*, for exceptant.

KLEIN, J., November 13, 1936.—We do not regard Wilkes' Estate, 25 D. & C. 343 (1936), cited by learned counsel for exceptant in his carefully prepared brief, as applicable to the question before us. Nor can we agree

with his contention that the codicil must be liberally construed so that the provision "If their should be an accident and Eliza my sister and myself should die together" should be interpreted to mean any event whereby the sister would be unable to inherit.

Although it is possible that decedent intended the niece and nephews named in the codicil to inherit her estate in the event that her sister predeceased her, this is a matter for conjecture. In construing this will we cannot guess at testatrix's intent, we must confine our study to the plain language used.

Judge Allen M. Stearne, of this court, carefully analyzed and reviewed the law in Pennsylvania pertaining to conditional wills in a scholarly article which appeared in 9 Temple Law Q. 310 (April 1935). In re Todd's Will, 2 W. & S. 145 (1841), Morrow's Appeal, 116 Pa. 440 (1887), Forquer's Estate, 216 Pa. 331 (1907), Jeffries' Estate, 18 Pa. Superior Ct. 439 (1901), and the other cases cited in Judge Stearne's article are authority for the learned auditing judge's conclusion that the gifts to the two nephews and the niece named in the codicil are conditioned upon the occurrence of an accident and the contemporaneous death of decedent and her sister. Since these two events did not take place, the codicil is without testamentary effect.

The law is clear that a gift is not contingent if the contingency expressed in the instrument is referred to as the occasion of making the will at that time. But if, as here, it is referred to as a reason for disposing of the property in a certain way, and the disposition and the contingency are so related to each other that the one is dependent on the other, the will is, in that event, contingent: Forquer's Estate, supra.

When the codicil was written, decedent knew that one of three situations must arise: either she would die before her sister Eliza, her sister Eliza would predecease her, or they would die at the same time. If testatrix died first her entire estate would pass to the sister under the

terms of the will. The will itself, however, made no disposition of the residuary estate in the event either that the sister should die first or that they should die together. We must assume that decedent realized this and executed the codicil to cover the situation which would arise if they should die together in a common accident, in which case she would have no opportunity to change her will. We must further assume that she intended the codicil to take effect only in such case, because if the sister died first she would have ample opportunity to provide for the disposition of her residuary estate. Since the sister, Eliza, actually died first, we must conclude that testatrix intended her residuary estate to be distributed under the intestate laws.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.