# Kerchner's Estate.

*Wills—Construction of will—Revival of prior will.*

Where a woman who has made two wills, burns the second will at the same time declaring "the other last will shall count," the burning of the second will and the declaration made at the time constitutes a valid revival of the first will, although the republication is by parol.

Argued May 3, 1909. Appeal, No. 57, April T., 1909, by Caroline Doell and Henry Werner, from decree of O. C. Cambria Co. June T., 1907, No. 7,606, refusing issue devisavit vel non in Estate of Wilhelmina Kerchner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to show cause why an issue devisavit vel non should not be awarded. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Superior Court.

*Error asigned* was decree refusing the issue.

*D. P. Weimer*, with him *W. David Lloyd*, for appellant.— There was no valid republication of the first will: Crawford v. Schooley, 217 Pa. 429; Lappe's Est., 52 Pitts. L. J. 157; Fransen's Will, 26 Pa. 202; Shoenberger v. Jack, 26 Pa. 208; Neff's

App., 48 Pa. 501; Rankin's Est., 4 W. N. C. 203; Rankin v. Rankin, 5 W. N. C. 127.

*Harry Doerr*, with him *William Williams* and *P. A. Rose*, for appellees.—The rule that the cancellation and destruction by the testator of a later will, revives a former will if it be retained by the testator until his death uncanceled, is the well-settled law of Pennsylvania as well as at common law: Flintham v. Bradford, 10 Pa. 82; Lawson v. Morrison, 2 Dallas, 286; Boudinot v. Bradford, 2 Dallas, 266; Stetson v. Stetson, 61 L. R. A. 258; Bates v. Hacking, 14 L. R. A. (N. S.) 937; Wallace v. Blair, 1 Grant, 75; Stephenson's Est., 6 Pa. C. C. Rep. 628; Englert v. Englert, 198 Pa. 326; Lenhart's Est., 199 Pa. 618.

OPINION BY BEAVER, J., October 11, 1909:

The court below found as a fact, upon testimony practically undisputed, that the decedent destroyed, by burning, a will executed by her in February, 1905, and that, by reason of such destruction and the declarations made at the time, it was her intention to revive and continue the provisions of a previous will dated in 1902. Letters testamentary having been issued to the person named in the will of 1902 as executor, the court, upon petition and rule granted to show cause, refused to revoke the said letters and to grant an issue devisavit vel non.

The appellant states the questions raised by the several assignments of error as follows:

"1. Where, in an appeal from the probate of a will by the Register, the Court has found as a fact that the decedent executed a will subsequent to the will probated, is not an issue devisavit vel non a matter of right?

"2. Where a will has been revoked by the execution of a subsequent will, can the first will be republished by parol?"

Although this is not a full and correct statement of all the questions raised, it suggests the effect of the decree of the court below in discharging the rule to show cause why the letters testamentary should not be revoked and an issue devisavit vel non awarded.

The manner in which a testator can destroy the effect of a will concerning real estate is clearly provided in sec. 13 of the Act of April 8, 1833, P. L. 249, as follows: "Section 13. That no will in writing concerning any real estate shall be repealed, nor shall any devise or direction therein be altered, otherwise than by some other will or codicil in writing, or other writing declaring the same executed, and proved in the same manner as is hereinbefore provided, or by burning, cancelling, or obliterating or destroying the same by the testator himself, or by some one in his presence, and by his express direction."

In this case the court finds, based upon abundant testimony, that the testatrix "did execute a will on February 5, 1905, and we so find as a fact; but we find as an additional fact that she voluntarily destroyed said will," the destruction being by burning, and, although it is shown that she could not read English and, therefore, could not have known what she burned, it is plainly apparent from the testimony that the will was given to her as her latest will by her son, that she placed it upon the fire where it was consumed, with that information, and declared at the time that "The other last will shall count."

The court below held that the destruction of the last will "revived the will dated August 29, 1902, which, when presented for probate, was the last will and testament of Wilhelmina Kerchner, deceased, and the action of the Register in admitting said will to probate was legal and proper."

The court further finds, in which we fully agree, that "There is no evidence to support the allegation that said will was procured by undue influence and fraud."

The main question in the case, is whether or not the act of the testator in destroying the will of February, 1905, together with the declarations made at the time, revived the former will of 1902.

In 1 Redfield on Wills, sec. 308, it is said: "The general rule seems to be firmly established from an early day, that a later will revoked, will not prevent an earlier and inconsistent one from remaining in force." The reference is to Goodright v. Glazier, 4 Burr. 2512.

In Pennsylvania, the case of Flintham v. Bradford, 10 Pa.

82, would seem, on the surface, to be in point. As stated in the syllabus, "A testator died in 1838, leaving a will dated in 1821, with an unsigned addition; a will dated in 1824, which had been cancelled at an uncertain time, and which was inconsistent with the will of 1821; and a will dated in 1835, which did not purport to pass real estate. Held, that the will of 1821, so far as it passed real estate, then held by testator, was revived by the cancellation of the will of 1824." This case goes to the extent of holding, at least inferentially, so far as the will involved therein is concerned, that the cancellation of a second will revives a former will by implication, and leaves the former will in full force, if it be retained by the testator until his death uncanceled. So in Wallace v. Blair et al., 1 Grant, 75, cited by the appellee, decided in 1854, it was held that "A republication of a will may be proved by parol." In the former case, however, the will was dated in 1821 and in the latter in 1828, both prior to the act of 1833, and a careful reading of both cases leads to the inevitable conclusion that the decisions in both were based upon this fact.

Jack v. Shoenberger, 22 Pa. 416, was twice in the Supreme Court. When heard first, the opinion in the case was written by Mr. Chief Justice GIBSON, but was marked "not to be reported." In the opinion which is published in connection with Fransen's Will, 26 Pa. 202, it appears the case was reversed, because "The testator died after the act of 1833, and leaving his will within the purview of it; and not only was proof of his declarations erroneously admitted, but the scope of the charge tended to an erroneous conclusion." Upon the retrial, the court below having given full effect to the opinion of the Supreme Court, it was again reversed upon appeal, because, when it was argued the second time, the question being as to whether or not after-acquired real estate of the testator passed by his will, which was alleged to have been republished by parol, the Supreme Court held "that the after-acquired land passed under the will, whether the will was within the purview of the act of 1833 or not. If within the act, parol republication was unnecessary—the 10th section of that act would pass the land; if not within it, parol republication of the will passed the land."

In Fransen's Will, supra, Mr. Justice Woodward, in writing the opinion of the court, whose decision was directly contrary to the former decision in Jack v. Shoenberger, in which Mr. Chief Justice Gibson had written the opinion, says: "But for myself I wish to record a strong doubt whether there can be parol republication of a will in Pennsylvania, and I am the more anxious to do this since I find learned counsel interpreting my opinion in Jack v. Shoenberger, 22 Pa., 416, to teach a contrary doctrine." But the question was not there decided, for the reason that the court held it unnecessary to decide it.

In Neff's Appeal, 48 Pa. 501, it was decided that, "A codicil will operate to revive or republish a will, and revoke another made before the codicil and after the will to which it is annexed, unless its effect to do so is negatived by the contents of the codicil itself." Mr. Justice Strong, in his opinion, says: "True, a republication by parol is no longer possible, but that is because of other provisions of the act which define the mode in which alone a will may be made. They have no bearing upon the question now under discussion, for republication by a codicil is not parol republication." The question of parol republication was, therefore, not before the court, and, inasmuch as the will was sustained on other grounds entirely, this declaration of the opinion writer is a mere dictum.

These cases are cited to us by the appellant as authority for the proposition that republication by parol is impossible in Pennsylvania, and the opinion of Chief Justice Gibson and the dicta of Mr. Justice Woodward (George W.) and Mr. Justice Strong are entitled to such weight that, if there were not later authority on the subject, the inducement to follow these precedents would be very great, if not compelling.

We find, however, upon examination, that as late as the case of Forquer's Estate, 216 Pa. 331, the contrary doctrine has been held, in which the Supreme Court affirmed the case "on the opinion of the court below." The question involved in this case was whether or not the will was contingent, the language thereof being as follows:

"'I intend starting tomorrow morning to Montana to see my brother. Knowing the uncertainty and risk of a journey, know

all persons that I do hereby will and bequeath' my real and personal property to my wife. 'Also all judgments owned by me and notes due me are hereby bequeathed to my said wife. . . . And, should anything befall me while away, or that I should die, then in that event all my estate, money, notes, property of every nature and description, both real and personal, are hereby assigned, conveyed and set over to my wife for her sole benefit.' Held, that the will was not merely contingent upon testator's death on his journey, but continued operative after his safe return and his death thereafter.

"In such a case the construction of the will made by the court is further sustained by the fact that the testator a few days before his death republished the will in the presence of his wife and another person."

The court below, in its opinion, upon considering at length the question as to whether or not the will was contingent, decided that it was not, but says further: "This does not, however, exclude evidence of the republication of a will already made, but which has been rendered inoperative, revoked or superseded by some subsequent will or circumstance. And such republication may be by parol." After quoting authorities, principally those herein referred to, the court says: "Having arrived at the conclusion that the will under consideration was absolute in character and not contingent, and there being no evidence of its subsequent revocation, it would seem unnecessary to determine the contention of proponent's counsel that the testator, a few days before his death, in the presence of his wife and another, did republish his will. The evidence, however, of what took place at that time is uncontradicted and is sufficient to establish a republication of the will, and the will so republished is, we think, relieved of the contingency expressed therein, the event having been passed. This would seem not only reasonable but to be supported by authority. In Schouler on Wills, sec. 287, it is said: 'But where a will, written as though conditional upon a long journey, is re-executed and duly witnessed after the testator's safe return, the condition ceases, and the will may fully operate by remaining uncancelled.' We see no reason why this rule should not govern where, instead of a re-execution of the

will, there has been a republication of it, supported by the necessary evidence."

This having been practically adopted by the Supreme Court as the law of the case, we are bound by it, and, in accordance therewith, must hold that the parol republication of her former will by the testatrix upon the destruction of her later will by burning, as required in the act of 1833, as found by the court below, re-established and restored the former will, which was duly admitted to probate and letters testamentary issued thereon.

The decree of the court below, discharging the rule to show cause why the letters testamentary issued upon the will of 1902 should not be revoked and an issue devisavit vel non granted, is affirmed, and the appeal dismissed at the costs of the appellant.