## Manning's Estate.

*Wills—Probate—Revocation—Burning will—Republication.*

The burning of a will by a testatrix is not ipso facto a restoration of an earlier will, where the testatrix declares shortly after the burning of the later will, that she intends to make a new will, and there is no sufficient evidence that she actually retained the earlier will in her own possession.

Argued March 6, 1911. Appeal, No. 29, March T., 1911, by Richard K. Manning, from decree of O. C. Luzerne Co., No. 572 of 1909, sustaining appeal from Reg-

ister of Wills in Estate of Annie E. Manning, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from register of wills.

FREAS, P. J., stated the facts to be as follows:

The testatrix died Friday night, at 10 o'clock, October 15, 1909, leaving to survive her a husband, Richard K. Manning, and a daughter by a former husband, Mrs. Blanche Randall, the appellant. The testatrix executed two wills, the first dated November 25, 1905, which is the probated will, and the second in March, 1909. The day previous to her death, testatrix directed her maid to get a paper for her, and being unable to find it, the maid brought the tray of her trunk to her. Testatrix selected an envelope and told the maid to burn it up, which was done at once in her presence. There seems to be no doubt that the envelope contained the second will. The maid differs in her testimony as to the exact language used at the time. In one place she says, "She told me to open the stove door to see if it was burned, and I said, 'Yes, it is,' and she said, 'That's my will.'"

"Q. What did she say to anybody afterwards? A. She did not say nothing, only she said she was going to have a new will made." She also gives the words of testatrix as being, "That is a will of mine," and, "That was one of my wills."

The husband testifies that at two or three o'clock on Thursday morning preceding her death, his wife gave him the first will. She got it from under her pillow and it was in an envelope. As she handed it to him she said, "Dick, that is my will, you take care of it, be careful with it, and you keep it, and don't let anybody have it."

It will be observed that the alleged republication of the first will occurred some hours before the burning of the second will. The republication was ineffectual at the time it was made, for the reason that there was then a second and later will in writing in her immediate possession, which

had not then been repealed according to the requirements of the Act of April 8, 1833, P. L. 249. The intention of the testatrix to republish her first will must be shown by the same number of witnesses, and be as conclusive of the facts as would be required to establish an original will: Jones v. Hartley, 2 Wharton (Pa.), 103. The only witness to the burning of the later will testifies that testatrix said at the time that "she was going to have a new will made." This statement entirely negatives an intention to republish her first will. The revocation of the second will has been legally proved. The republication of the first will rests on the testimony of only one witness, whereas, the law requires at least two witnesses, as in proving an original will: Wilson's Will, 12 Pa. Dist. Rep. 649.

The question as to whether a will may be republished by parole in Pennsylvania seems to be settled in Kerchner's Est., 41 Pa. Superior Ct. 112, which reviews all the authorities, including Forquer's Est., 216 Pa. 331.

As the disposition of this appeal rests wholly on matters of law, we deem it unnecessary to discuss the testimony further than we have done.

And now, November 21, 1910, the appeal from the decision of the register of wills in probating the paper writing dated November 25, 1905, as and for the last will and testament of Annie E. Manning, deceased, is sustained, and the probate thereof and the letters testamentary granted thereon are revoked.

*Error assigned* was the decree of the court.

*Richard B. Sheridan*, with him *Michael F. McDonald*, for appellant.—The burning of the later will revived the earlier one: Flintham v. Bradford, 10 Pa. 82; Stephenson's Will, 19 Phila. 41; Neff's App., 48 Pa. 501; Clingan v. Mitcheltree, 31 Pa. 25.

*Edmund G. Butler*, with him *Joseph P. Lord*, for appellee.

OPINION BY HENDERSON, J., April 22, 1911:

The appellant contends that the effect of the destruction by burning of the will of Mrs. Manning executed in March, 1909, was ipso facto a restoration of the will made by her in November, 1905. This is a different position apparently from that taken in the court below as indicated by the evidence introduced and the questions discussed by the learned judge of the orphans' court. Importance was there attached to the fact alleged that the testator had republished the will of 1905 by delivering it to her husband and declaring that it was her will and that she wished him to take care of it and keep it and not let anybody have it. As this declaration was not made in the presence of the number of witnesses required to establish an original will and was made before the destruction of the later will the court held it to be insufficient to amount to a republication of the first will. This conclusion is in harmony with the decision in Forquer's Estate, 216 Pa. 331, and Kerchner's Estate, 41 Pa. Superior Ct. 112. In the latter case there were two wills, the second of which was destroyed by burning, and one of the questions was whether a will which had been revoked by the execution of a subsequent will can be republished by parol and the probate of the first will was sustained on the ground that it had been revived by parol republication after the destruction of the later will, the testator having declared it to be her intention to revive and continue the provisions of the earlier will. In Forquer's Estate the question was whether the will was absolute or contingent. There was evidence of republication after the contingency had ceased to exist and the opinion of the court below on which the case was affirmed held among other things that a will which had been revoked or superseded by some subsequent will or circumstances may be republished and such republication may be by parol. If we consider the appellant's position in regard to the conclusiveness of the destruction of the second will, the fact is not to be overlooked that the first will only becomes effective when it

has been preserved by the testator, the unexplained circumstances permitting the legal conclusion that it was the testator's intention by the destruction of the later will to give effect to the prior one, but the uncontradicted evidence in this case is that the testator said in connection with the destruction of the will of 1909, though at a later time on the same day, that she intended to make a new will. And this is inconsistent with the theory of a revival of the older will. The statement was made so soon after the destruction of the will of 1909 and to the person who had burned it by direction of the decedent that the declaration may be reasonably related to the act of destruction and expressive of Mrs. Manning's intention that a will yet to be made should dispose of her estate. Discredit was also cast on the testimony of the appellant as to the circumstances under which he came into possession of the will by his acts and declarations tending to show that he was not aware of the existence of the will of 1905 at the time his wife died although according to his own story it was in his possession at that time. If he did not acquire possession of it at the time and in the manner indicated there is a place for the conclusion that he got it under circumstances which repel the presumption that it was retained and preserved by the testator. It is quite conceivable that she may have forgotten the execution of a will made several years before or that she regarded it as having been annulled by the execution of a subsequent will and therefore of no effect or consequence; hence, the importance of evidence that she kept the will.

The decree is affirmed.