## Jeffries's Estate.

*Will—Conditional will—Construction.*

Testatrix made her will in proper form giving all her estate to a trustee for her nephew G. Subsequently she executed a paper as follows: "Know all men by these presents that I, M. of sound mind, am about going on a trip away from home with my nephew G., do hereby direct that in case of the death of both of us that my estate shall be divided as follows: . . . . I declare the above to be my will and testament in case of the death as aforesaid of myself and G." Both papers were duly probated. It appeared that both testatrix and her nephew survived the journey referred to in the second paper. *Held,* that the second paper was inoperative.

Argued Oct. 8, 1901. Appeal, No. 250, Oct. T., 1900, by Janet B. Kinsey, from decree of O. C. Phila. Co., April T., 1900, No. 459, dismissing exceptions to adjudication in the Estate of Mary A. Jeffries, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that testatrix executed two papers both of which were testamentary in character and both of which were probated. These papers were as follows:

" Whereas by certain will and testament made by me dated April 19, 1883, I directed that all of my estate should be divided and bequeathed to my sister, Susan C. Stewart, and I appointed her my executor under said will, and whereas by a codicil to said will dated May 19, 1883, I directed that in case of the death of my sister, the said Susan C. Stewart, that my estate, real, personal and of whatsoever nature, should revert to George L. Stewart and Katie Stewart, children of my afore-

said sister.    Now therefore I, Mary A. Jeffries, in consequence of the death of my aforesaid sister, Susan C. Stewart, and her child, Katie Stewart, do hereby declare that in the event of my death that my estate, real, personal and whatsoever of any and every kind and nature, shall revert to and be paid to Samuel W. Wray, trustee, for George L. Stewart, to have and to hold to pay him the interest only.    And I hereby appoint the said Samuel W. Wray my sole executor, with power to transfer, sell and give title as such to any and all of my estate, real, personal or mixed, not requiring him to give security.

" Witness my hand and seal this twenty-ninth day of March, A. D. 1895.

" MARY A. JEFFRIES.    [Seal.]

" Witnesses to the signing of the above will:
  " WM. H. WHITALL.
  " W. H. EAKEN.
  " GEO. L. STEWART.


" PHILADELPHIA, March 29, 1895.

" Know all men by these presents that I, Mary A. Jeffries, of sound mind, am about going on a trip away from home with my nephew, George L. Stewart, do hereby direct that in case of the death of both of· us that my estate shall be divided as follows, viz :

" To Maggie Burns in cash, the sum of five thousand dollars.

" To Mrs. M. J. Dole the interest on the sum of three thousand dollars as long as she lives.

" To Mrs. Wm. Crouse the interest on the sum of two thousand dollars as long as she lives.

" To Mrs. Kate Hemphill the interest on the sum of two thousand dollars as long as she lives.

" The remainder of my estate as well as the residuary of any of the above named amounts to be divided as follows, viz., two-thirds thereof to Samuel W. Wray and one-third thereof to Mrs. John L. Kinsey.

" I appoint Samuel W. Wray the executor of my estate.

" I declare the above to be my will and testament in case of the death as aforesaid of myself and George L. Stewart.

" Witness my hand and seal this twenty-ninth day of March, A. D. 1895.

    Signed,              "MARY A. JEFFRIES."   [Seal.]

" Witnesses present :
    " WM. H. WHITALL.
    " W. H. EAKEN.
    " G. L. STEWART."

Both testatrix and her nephew survived the journey mentioned in the second paper.   Testatrix died April 1, 1896.

The auditing judge, PENROSE, J., held that the second paper was inoperative, and that the trust in the first paper could not be sustained.   He accordingly awarded the whole fund to George L. Stewart absolutely.

Exceptions to the adjudication were dismissed by the court in banc.

*Errors assigned* were in dismissing exceptions to adjudication.

*Norris S. Barratt,* for appellant.—The orphans' court, at the time of the audit, was not sitting as a registers' court and hence it was without jurisdiction to pass upon matters which are exclusively for the probate official or on appeal from his decree: Wall v. Wall, 23 W. N. C. 237; Meluish v. Milton, L. R. 3 Ch. Div. 27; Hill v. Burger, 10 How. Pr. (N. Y.) 264; Harrison's App., 48 Conn. 202; Tarver v. Tarver, 9 Pet. 174; Kelleher v. Kernan, 60 Md. 440; Barton's Est., 52 Cal. 538.

The learned court below erred in holding that the paper under which this appellant claims was a contingent will: Goods of Porter, L. R. 2 P. & D. 22; Goods of Mayd, L. R. 6 Prob. Div. 17; In re Stuart, 21 L. R. Ir. 105; Burton v. Collingwood, 4 Hagg. Eccl. 176; Goods of Thorne, 4 Swab. & Tr. 36; Goods of Dobson, L. R. 1 P. & D. 88; Goods of Martin, L. R. 1 P. & D. 380; Goods of Spratt, 66 L. J. Prob. 25; French v. French, 14 W. Va. 459; Cody v. Conly, 27 Gratt. (Va.) 313; Skipwith v. Cabell, 19 Gratt. (Va.) 758; Likefield v. Likefield, 82 Ky. 589; Barton's Est., 52 Cal. 538.

*E. Clinton Rhoads,* for appellee.—The contested paper in this case is a contingent will: Roberts's App., 59 Pa. 70; Mor-

row's App., 116 Pa. 440; Todd's Will, 2 W. & S. 145; Hamilton's Est., 74 Pa. 69; Maxwell v. Maxwell, 3 Metcalf (Ky.), 101; Dougherty v. Dougherty, 4 Metcalf (Ky.), 25; In the Goods of Porter, L. R. 2 P. & D. 22; Wagner v. McDonald, 2 Har. & J. 346; In re Goods of Hugo, L. R. 2 Prob. Div. 73; In the Goods of Smith, L. R. 1 P. & D. 717.

The probate of a will is not conclusive as to any disposition of property contained therein: Hamilton's Est., 74 Pa. 73; Morrow's App., 116 Pa. 443; Todd's Will, 2 W. & S. 145; Owens v. Haines, 199 Pa. 137; Miller's Est., 159 Pa. 562; Craft's Est., 164 Pa. 520; Hegarty's App., 75 Pa. 503; Hancock's App., 112 Pa. 532.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901:

On March 29, 1895, the decedent executed two separate writings, both testamentary in form and substance. She died April 1, 1896. The papers referred to were both admitted to probate April 27, 1896, without objection. In June, 1900, upon the adjudication of the account of the executor, the controversy before us arose. The paper which contains inherent evidence of being the first, gave the whole of the decedent's estate to a trustee for her nephew, George L. Stewart, "to pay to him the interest only." This document contains the appointment of an executor and is duly signed, sealed and witnessed. The second paper recites: "Know all men by these presents that I, Mary A. Jeffries, of sound mind, am about going on a trip away from home with my nephew, George L. Stewart, do hereby direct that in case of the death of both of us, that my estate shall be divided as follows." Then follows provision for certain individuals (including the appellant). The concluding provision is: "I declare the above to be my will and testament in case of the death as aforesaid of myself and George L. Stewart." This paper is duly signed, sealed and witnessed.

The query raised is whether by the form and substance of these two papers, the testatrix intended that the second should be effective at all events, or only upon the happening of the contingency of the death of both herself and her nephew during the contemplated "trip away from home." The question is not whether the second paper was properly admitted to probate. Both papers having been proven, the question is now essentially

one of construction. The court below has held that the provisions contained in the second document were to operate only in case the testatrix and her nephew should both die while on the trip in contemplation when the paper was signed. As this contingency or condition did not happen or arise, the provision dependent thereon became inoperative. This conclusion is demonstrated by the opinions filed in the court below and is sustained by the authorities upon which the decree is founded.

As the able and exhaustive presentation of this case by brief and argument by counsel for the appellant has failed to convince us that error has been committed, we unanimously direct that the decree be and it hereby is affirmed.